UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In the matter of )<br>)<br>GREGORY POLITO AND DIANNE POLITO, )<br>Petitioners, )<br>)<br>For Exoneration from or Limitation of Liability. )<br>) | Civ. Action No. 15-10462-TSH |

### MEMORANDUM OF DECISION
### September 21, 2015

**HILLMAN, D.J.**

### Background

The Petitioners, Gregory Polito ("Gregory") and Dianne Polito ("Dianne" and, together with Gregory, the "Politos" or "Petitioners"), petition the Court for exoneration from or limitation of liability pursuant to the Limitation of Shipowners' Liability Act, 46 U.S.C. §§ 30501, *et seq.* ("Act"), and Supplemental Rule F of the Federal Rules of Civil Procedure. *See Petition For Exoneration Or Limitation of Liability* (Docket No. 1)("Petition"). Petitioners are the owners of a 2007 Bayliner Discovery 195, hull identification no. USHB03EXH607 ("Bayliner"), which was involved in an accident on Lake Quinsigamond in Worcester, Massachusetts on August 20, 2014. This Order addresses Petitioners' *Ex Parte* Motion For Issuance of Injunction (Docket No. 2), in which they request this Court: (1) approve the security deposited by them dated February 20, 2015 and executed by Travelers Casualty and Surety Company of America, in the amount of $10,500.00, plus 6% interest per annum, (2) direct the issuance of notice, and (3) pursuant to F.R.Civ.P. Supplemental Rule F(3), enjoin all lawsuits,

causes of action, and claims against them and their property arising from the accident, except in this civil action. For the reasons set forth below, that motion is *denied*.

## **Facts**[1]

### *The Accident*

In 2009, the Massachusetts Department of Transportation contracted with the Middlesex Corporation ("Middlesex") to construct a replacement for the Kenneth F. Burns Memorial Bridge over Route 9, connecting Shrewsbury and Worcester, Massachusetts. In performing that contract, Middlesex used various barge sections and motorized workboats it owns and controls to transport personnel and equipment on Lake Quinsigamond. Individual barge sections are used interchangeably to configure larger barges of various dimensions, according to Middlesex's needs.

On August 19 and 20, 2014, Middlesex owned and controlled a barge, which consisted of sixteen interlocked Poseidon barge sections owned and controlled by Middlesex ("Barge"), and was docked on Lake Quinsigamond at the Middlesex trestle adjacent to 231 Lake Avenue. The Barge projected one hundred sixty (160) feet from the shore into Lake Quinsigamond. The Barge was not supposed to be left assembled during the evenings, but was supposed to be disassembled so that it would not project into Lake Quinsagamond and constitute a hazard to navigation. The Barge was not lit, nor was it marked in any other fashion that might make it visible at night.

During the night of August 19-20, 2014, Gregory was operating the Bayliner on Lake Quinsigamond. Dianne, Erica Lavallee, and John Mazzone ("Mazzone") were passengers on the

---

[1] As I must, for purposes of this Memorandum of Decision, the Court has accepted the facts as set forth in the Petition. Middlesex, as owner and operator, of the Barge previously filed a complaint seeking exoneration from or limitation of liability pursuant to the Act in which it asserts that Gregory's negligence was solely responsible for the accident. *See* Civ.Act.No. 14-40145-TSH. Middlesex filed a motion for an injunction, which among other relief, sought approval of its security and enjoinment of all lawsuits, etc., against it arising from the accident. For purposes of that motion, I accepted Middlesex's factual assertions as true.

Bayliner. Shortly before 1:00 a.m., the Bayliner allided with the Barge. At all times prior to the allision, Gregory maintained a proper lookout, operated the Bayliner at a safe speed and obeyed all the rules and regulations applicable to the operation of vessels on Lake Quinsagamond.

The Politos allege that the allision of the Bayliner and the Barge and any and all injuries, damages, and losses arising out of the allision, were not caused or contributed to by any breach of applicable statutes or regulations, or any type of unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of the Politos. Alternatively, they allege that any breach of applicable statutes or regulations, or any type of unseaworthiness, fault, neglect, or lack of reasonable care that might have contributed to any and all alleged injuries arising out of the allision occurred without the privity or knowledge of Gregory or Dianne and occurred solely due to the fault or neglect of third-parties for which the Politos are not responsible.

## *Procedural Facts*

Mazzone, through his attorneys, gave initial written notice of his claim against the Politos in a letter dated September 12, 2014. *See* attachment to *Mem. Of L. In Sup. Of Ex Parte Mot. For Issuance of Injunction* (Docket No. 3). Pursuant to Fed R. Civ.P. Supplemental Rule F(1), the Politos filed their Petition within six months after receipt of Mazzone's initial written notice on September 12, 2014.

## **Discussion**

Pursuant to the Act, and the Supplemental Admiralty and Maritime Claims Rule F, 28 U.S.C., Fed.R. Civ. P. Supplemental Rule F ("Supplemental Rule F"), the Politos have filed an *ex parte* motion for injunctive relief. By their Petition, the Politos seek exoneration from, or limitation of liability for, any and all claims, injuries, damages, and losses arising from a boat-barge allision occurring at approximately 1:00 a.m. on August 20 2014, on Lake Quinsigamond,

Worcester, Massachusetts.  Accordingly, the Politos request that the Court issue an Order ceasing and enjoining all lawsuits, causes of action, and claims against them and their property arising from the allision, except in this action.

The Act provides that vessel owners may limit their liability for losses and/or damages incurred to the value of the vessel and its then pending freight, so long as the loss or damage is incurred without the "privity or knowledge of the owner." 46 U.S.C.A. § 30505.  "A shipowner facing potential liability can file a complaint for limitation of liability in a federal district court which then is authorized to stay all other proceedings against the shipowner and receive all claims." *Complaint of Consolidation Coal Co.*, 123 F.3d 126, 132 (3$^d$ Cir. 1997)(citing 46 App. U.S.C. § 185; Fed.R.Civ.P. Supp. Rule F(4)).  More specifically, the Act permits "[t]he owner of a vessel to bring a civil action in a district court of the United States for limitation of liability [thereunder]. The action must be brought within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30511(a). At the time that the action is brought, the vessel owner must "deposit with the court, for the benefit of claimants [:] (A) an amount equal to the value of the owner's interest in the vessel and pending freight, or approved security; and (B) an amount, or approved security, that the court may fix from time to time as necessary to carry out this chapter [46 U.S.C. § 30501 *et seq.*]." *Id.* § 30511(b).  Finally, the Act provides that, "[w]hen an action has been brought under this section and the owner has complied with subsection (b), all claims and proceedings against the owner related to the matter in question shall cease." *Id.* § 30511(c).

Supplemental Rule F provides that,

> [n]ot later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court ... for limitation of liability pursuant to statute. The owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor, and in addition such sums, or

>approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended; or (b) at the owner's option shall transfer to a trustee to be appointed by the court, for the benefit of claimants, the owner's interest in the vessel and pending freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended.

Fed.R.Civ.P. Supp. Rule F.

Unlike § 30511, Supplemental Rule F also requires a plaintiff in an action for limitation of liability to "give security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security." Supplemental Rule F(1). Additionally, Supplemental Rule F provides that, once the vessel owner has made the requisite deposits, "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease." *Id.,* F(3). It further states that, "[o]n application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." *Id.*. Finally, Supplemental Rule F provides that, once the owner has made the deposits described above:

>the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice shall be mailed to the decedent at the decedents last known address, and also to any person who shall be known to have made any claim on account of such death.

*Id.*, F(4). A "claimant may by motion demand that the funds deposited in court or the security given by the plaintiff be increased"—either "on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight" or "on the ground that it is insufficient to

5

carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury." *Id.*, F(7).

In summary, pursuant to the Act and Supplemental Rule F: "The district court secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims. In these proceedings, the court, sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants. *Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 448 (2001).

The Court finds that the Politos have failed to establish that they have provided adequate security. More specifically, the Politos have valued the Bayliner at $10,000, based on the declaration of Gregory, with no indication as to how that value was determined. Simply put, the Court is not going to accept a valuation determined by an interested party. Therefore, there motion for an injunction is denied.[2] Because I have found that the Politos have not established the adequacy of the proposed security, it is not necessary for me to address whether the asserted facts are sufficient to establish that the lack of privity/knowledge requirement has been met.

## Conclusion

The Petitioners' *Ex Parte* Motion For Issuance of Injunction (Docket No. 2), is ***denied***, without prejudice.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
DISTRICT JUDGE

---

[2] The Court recognizes that a claimant is free to challenge the amount of the limitation on liability. Nevertheless, the Court finds that in the first instance, the impetus is on the Petitioners to establish the value of the vessel based on an independent appraisal.